UNITED STATES, appellant, *v.* GODWIN, respondent.

*Unsurveyed land embraced in the grant of the United States to the Northern Pacific Railroad Company is not public land.* — The Northern Pacific Railroad Company had conveyed 167 acres of the land included within its grant to the respondent, who inclosed it with a fence, although there had never been any survey of the tract by the government. Proceedings were instituted against him under the act of Congress of February 25, 1885, entitled "An act to prevent unlawful occupancy of public lands," to compel the removal of his fences. *Held*, upon the authority of the *Northern Pacific R. R. Co.* v. *Majors*, 5 Mont. 111, *Northern Pacific R. R. Co.* v. *Lilly*, 6 Mont. 65, and *United States* v. *Williams*, 6 Mont. 379, that said land is not "public land of the United States."

PUBLIC LAND. — *A settler upon land under section 1657, division 5, Compiled Statutes of Montana, who has fenced the same, does not violate the act of Congress which prohibits fencing public lands.* — In a proceeding instituted under the act of Congress of February 25, 1885, to compel respondent to remove his fence inclosing a tract of 190 acres of land that had never been surveyed by the government, the answer of respondent set forth that 160 acres of said tract were included in his duly acknowledged notice of declaration thereto, filed in the office of the recorder in the county in which the land was situated, and that respondent was possessed of the qualifications of a settler on the public domain. *Held*, that there was no violation of the law as to said 160 acres.

*Appeal from District Court, Madison County.*

ROBERT B. SMITH, United States Attorney, for the appellant.

The appellant insists that until there is a survey and segregation of the land belonging to the railroad com-

·pany, the control of the same remains in the appellant, and that the title of the whole tracts rests with appellant in trust for the railroad company, subject to be defeated by the failure on the part of said company to comply with the requirements of its charter. *Northern Pacific R. R. Co.* v. *Trail Co.*, 115 U. S. 600; *Railroad Co.* v. *Prescott,* 16 Wall. 603; *Railroad Co.* v. *McShane,* 22 Wall. 462. It is only necessary that the United States should show legal title to maintain this action. Cooley's Bla. Com. 200, note 3; *Goodrich* v. *Hathaway,* 1 Vt. 485; *Gardner* v. *Heart,* 1 N. Y. 528. Besides, there are admitted to be twenty-three acres, which, if surveyed, are in an even-numbered section, and if that be true, the court is at least in error as to that part of the land inclosed.

HENRY N. BLAKE, for the respondent.

The act of Congress (secs. 1 and 3 of Act, 23 U. S. Stats. 321) was intended to prohibit the construction of fences upon the public lands by persons having no title. *United States* v. *Brandenstein,* 32 Fed. Rep. 738. The cases cited in appellant's brief concerning the taxation of land within the grants to railroad companies are inapplicable. The latest decisions treat the grant to the Northern Pacific Railroad Company as made upon a condition subsequent, and hold that it took effect at the date of the approval of the act of Congress. *Northern Pacific R. R. Co.* v. *Majors,* 5 Mont. 111, 145; *Northern Pacific R. R. Co.* v. *Lilly,* 5 Mont. 65; *United States* v. *Northern Pacific R. R. Co.,* 6 Mont. 351, 365, 369; *Buttz* v. *Northern Pacific R. R. Co.,* 119 U. S. 55. The good faith and claim of respondent are shown in his complance with the law of the territory respecting the occupany of unsurveyed land of the United States. Secs. 1657–1664, Comp. Stats. Mont. Therefore as to the part upon the even section, twenty-three acres, respondent is not a naked

trespasser to whom the act of Congress applies. Moreover, it is distinctly provided in the act of Congress that where the alleged unlawful inclosure includes less than 160 acres of land, no suit shall be brought without the authority of the Secretary of the Interior. There is no allegation of this material fact in the complaint; and as to said twenty-three acres the action must also fail.

BACH, J. This action is brought under the act of February 25, 1885, entitled "An act to prevent unlawful occupancy of public lands," to compel the defendant to remove his fences from certain lands alleged to be a part of the public domain.

The answer admits that the defendant has fenced 190 acres of land situated in Madison County, Montana, and alleges that 167 acres of said land belong to the defendant by virtue of a grant from the Northern Pacific Railroad Company, although the defendant has been unable to procure the title of said company thereto by reason of the failure of the plaintiff to cause the township which contains said lands to be surveyed. The answer also alleges that, of the 190 acres so admitted to be fenced, 160 acres are included in a notice of declaration filed in the office of the county recorder of Madison County, acknowledged by the defendant, expressing and describing his right of occupancy; that the defendant has been unable to procure the title of the United States to said lands, through the failure of plaintiff to survey and offer the same for sale. And the answer further alleges that the defendant has the qualifications of a settler upon the public domain required by the United States statute; and the fact that the defendant intends to enter said 160 acres, or so much of them as belongs to the United States, in the proper land-office, as soon as said office can legally receive filings thereon. Upon the complaint, which is admitted to be in proper form, and

upon the answer, the plaintiff moved for judgment. The motion was denied, and judgment was entered in favor of the defendant. The appeal is taken from the judgment, and from the order denying the motion for judgment on the pleadings; but counsel for the appellant relies upon the latter only. The following is the statute under which the action is brought: "All inclosures of the public land in any state or territory of the United States, heretofore or to be hereafter made, erected, or constructed by any person, party, association, or corporation, to any of which land included within the inclosure the person, party, association, or corporation making or constructing the inclosure, had no claim or color of title made or acquired in good faith, or any asserted right thereto, by or under claim made in good faith, with a view to entry thereof at the proper land-office, under the general laws of the United States, at the time any such inclosure was or shall be made, are hereby declared to be unlawful, and the maintenance, erection, construction, or control of any such inclosure is hereby forbidden; and the assertion of a right to the exclusive use and occupancy of any part of the public lands of the United States in any state, or in any of the territories of the United States, without claim, color of title, or asserted right, as above specified as to inclosure, is likewise declared unlawful. and hereby prohibited." The second section provides the relief to be granted in such cases.

For the purposes of this appeal, it is admitted by the parties that all of the 190 acres fenced are included in either the grant from the Northern Pacific Railroad Company, or in the notice of declaration referred to.

As to the portion contained in the grant from the railroad, it is sufficient to say that this court has frequently decided that the act of congress creating the Northern Pacific Railroad Company was a grant of the odd sections within the forty-mile limit, with certain exceptions speci-

fied in the statute which do not concern us in this case; that the title of the railroad company is a legal title, and not an equitable right. *Railroad Co.* v. *Majors,* 5 Mont. 111; *Railroad Co.* v. *Lilly,* 6 Mont. 65; *United States* v. *Williams,* 6 Mont. 379. According to these authorities, the land referred to is not "public land of the United States"; therefore it does not come within the terms of the statute. See also the opinion of Mr. Justice Hoffman in the case of *United States* v. *Brandenstein,* 32 Fed. Rep. 738 (in the United States district court of California).

We are also of the opinion that the fencing of the land which is included in the declaration referred to does not come within the terms of the statute. That statute refers to the "inclosure of public lands, . . . . to any of which land included within the inclosure the person . . . . making . . . . the inclosure had no claim or color of title made or acquired in good faith, or an asserted right thereto, by or under claim in good faith, with a view to the entry thereof at the proper land-office," etc. It is admitted by the motion that all of the allegations in the answer are true; and thus the answer alleges "an asserted right" to the land, "by or under claim in good faith, with a view to the entry thereof at the proper land-office." The opinion of Mr. Justice Hoffman already referred to is not reported. It treats fully of the purpose of the statute in question; and upon that the learned justice says: "That act, as the debates clearly show, was intended to prevent the inclosure and appropriation of vast tracts of public lands, said to be millions of acres in extent, by associations of wealthy cattle-owners, known as 'cattle kings,' without a shadow or pretense of title. These tracts were surrounded by barbed-wire fences, and all persons desirous of settling upon the lands under the laws of the United States were vigorously excluded; in some cases by violence or threats."

The judgment and order of the court below are affirmed.                              *Judgment affirmed.*

MCCONNELL, C. J., and GALBRAITH, J., concur.